MR. JUSTICE SHEEHY
dissenting:
It is an eccentric view of the law to recognize that recoupment of fraudulently acquired public moneys is a good thing, and yet to hold the District Court in error for stretching out a suspended sentence to make recoupment *500 possible.
It is more eccentric to hold that the suspended sentence must be set aside, not on equal protection grounds, but upon lack of due process. Here the District Court, balancing the propriety of recoupment for offense after offense, and the inability of defendant to pay within three years, simply stretched out the period to make payment by the Defendant feasible. Due process means fundamental fairness. Fundamentally, the District Court was eminently fair to the Defendant, in not assessing jail time which he richly deserved, and providing instead for recoupment within the term and ability of the Defendant to pay.
Certainly, the District Judge here tried to ascertain the earning ability of the Defendant. The replies were “I really don’t know.” It is now remanded to find if defendant really, really did not know.
This case does not involve sending a Defendant to jail because his indigency prevented the collection of a fine, as was involved in most of the cases relied on by the majority. It involves instead a humane and compassionate approach by a District Judge to accommodate the earning ability of the Defendant, and yet to protect the public’s right to recoupment, and without jail time. If that is fundamentally unfair, our system of law is skewed.
I dissent. I would affirm the District Court in all respects.
MR. JUSTICE SHEA dissents and will file a written dissent later.